FOLKRINGA v. STATE MANFG. & LUMBER CORP.

CANCELLATION OF INSTRUMENTS—MORTGAGES—BILLS AND NOTES—HUSBAND AND WIFE—FRAUD.

Wife's suit to set aside deed and note given to secure husband's debt, *held,* properly dismissed, in absence of showing of fraud.

Appeal from Kent; Perkins (Willis B.), J. Submitted April 7, 1932. (Docket No. 37, Calendar No. 36,361.) Decided June 6, 1932.

Bill by Jessie Folkringa against State Manufacturing & Lumber Corporation, a Michigan corporation, and another, to set aside a deed and note. Bill dismissed. Plaintiff appeals. Affirmed.

*Arthur F. Shaw,* for plaintiff.

*McAllister & McAllister,* for defendant State Manufacturing & Lumber Corporation.

*Wicks, Fuller & Starr,* for defendant Grand Rapids Savings Bank.

McDONALD, J.   This bill was filed to set aside a deed and note given by the plaintiff on September 14, 1929, to secure an indebtedness of $4,000 which her husband owed to the defendant lumber corporation.

The opinion of the trial judge sufficiently states the facts and correctly disposes of the issue as to the defendant lumber corporation.   We adopt it as our own:

"The transaction complained of here was conceived and carried out by the defendant, Verhey, and the plaintiff's husband, Gerrit Folkringa, acting in concert.   Folkringa had become indebted to the defendant company in the sum of $3,000 for lumber in carrying on his building operations.   The deed and note in controversy were prepared in Verhey's office, and, at Folkringa's request, taken to the plaintiff's home for her signature.   Folkringa was present in the home at the time of Verhey's arrival with the papers.   He had already assigned certain alleged accounts to the defendant company to secure its claims against him, but he knew, as the testimony discloses, that these accounts were fictitious.   Verhey had no knowledge of this fact, but believed that the accounts were good, and that on their collection the deed and note would be satisfied, canceled and returned.

"The plaintiff testified:

"'On Saturday morning, Verhey came and my husband let him in the front door, and came around to the back door, I think; he called me and they had a paper prepared, and Mr. Verhey asked me if I would put my signature on this, and that this was security on the house, and that would help Gerrit out, that this would be helping him; and this would be a temporary affair, and that Monday it would probably be returned to me, and that it would not be recorded, but he would keep it in his safe at the office.'

"The deed and the note were thereupon duly signed by both the plaintiff and her husband.   Her husband had told her the day before that he was in financial difficulties, and that the Verheys were

threatening to tie up money due him. The plaintiff knew what she was doing was intended to help her husband out of these difficulties. The indebtedness to the defendant company is undisputed. The plaintiff's husband was not made a party defendant here, nor was he called as a witness. I am unable to discover any actionable fraud in this case, but only disappointment. This is not enough to entitle plaintiff to recover. The bill must be dismissed."

The claim against the Grand Rapids Savings Bank is that it purchased the note with notice of the infirmity in the vendor's title. But as the trial court correctly found that no fraud was practiced on the plaintiff in securing the note, it becomes unnecessary to discuss the issue as to the bank. It was a holder of the note in due course and for value.

A decree will be entered in this court dismissing the bill as to both defendants, with costs.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.